UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURA WOODWARD,

          Plaintiff,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

          Defendant.

CASE NO. C13-6005 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on Plaintiff Laura Woodward's ("Woodward")

motion for partial summary judgment (Dkt. 12). The Court has considered the pleadings

filed in support of and in opposition to the motion and the remainder of the file and

hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 9, 2013, Woodward filed a complaint against Defendant American

Family Mutual Insurance Company ("American Family") in Pierce County Superior

Court for the State of Washington.  Dkt. 1, ¶ 2.  On October 23, 2013, Woodward filed an

amended complaint asserting causes of action for (1) breach of fiduciary duties, (2)

violation of the Washington Consumer Protection Act, RCW chapter 19.86 ("CPA"), (3) violation of the Washington Insurance Fair Conduct Act, RCW Chapter 48.30 ("IFCA"), negligence, breach of contract, and bad faith. *Id*. Exh. 3.

On November 21, 2013, American Family removed the matter to this Court. Dkt. 1.

On December 19, 2013, Woodward filed a motion for partial summary judgment. Dkt. 12. On January 13, 2014, American Family responded. Dkt. 14. On January 17, 2014, Woodward replied. Dkt. 16.

## II. FACTUAL BACKGROUND

Woodward entered into an automobile insurance policy with American Family with an effective date of December 2, 2009 to June 2, 2010. Dkt. 5–1 at 59–80 ("Policy'). American Family agreed that it would "pay for usual and customary medical expenses and funeral services, less any applicable deductible, because of bodily injury sustained to an insured person as a result of an accident." *Id*. at 79 ("Medical Expense" provision). The limit of the Medical Expense provision was $25,000. *Id*. at 59. American Family also agreed to provide coverage for under insured motorists. *Id*. at 75–77 ("UIM" provision). The limit of UIM coverage was $100,000. *Id*. at 59.

On January 10, 2010, Woodward was involved in a serious car accident when another vehicle ran a red light. Dkt. 12 at 3. Woodward suffered injuries and has submitted numerous medical bills. On August 17, 2011, after the other driver's insurance company tendered its policy limit of $50,000, Woodward submitted a demand package to American Family. Woodward informed American Family of her injuries, her intent to

1  accept the tender of $50,000 from the other insurance company, and demanded her policy

2  limits of $100,000.  Dkt. 13-8.  On November 11, 2011, American Family responded

3  that, in their opinion, Woodward was made whole by the $50,000 from the other

4  insurance company, it was willing to waive its Medical Expense subrogation claim of

5  $13,313.87, and declined to extend any additional settlement offer.  Dkt. 13-9.

6          On February 8, 2012, Woodward provided American Family with medical records

7  indicating she was in need of a cervical disc replacement or disc fusion.  Dkt. 13-10.

8  American Family responded that its "position has not changed regarding a claim under

9  the Underinsured Motorist Bodily Injury part of the policy."  Dkt. 13-11.  Failing to reach

10 an agreement, the matter was submitted to arbitration.

11         As part of the arbitration, Woodward underwent an independent medical

12 examination by J. Douglas Werschkul, MD, Neurosurgeon, and Jeremy Walton, DC,

13 Chiropractor.  Dkt. 13-12.  The examiners stated that surgery was not indicated at that

14 time and maximum medical improvement occurred in approximately December 2011.

15 *Id*.  On July 26, 2013, the arbitrator awarded Woodward $243,312.33 in damages.  Dkt.

16 13-13.  American Family tendered payment approximately 24 days later on August 17,

17 2013.  Dkt. 13-16.

18                          **III. DISCUSSION**

19         Woodward moves for summary judgment on the issues of whether American

20 Family (1) unlawfully denied Medical Expense(s) coverage; (2) breached the insurance

21 contract at issue, (3) violated WAC 284-30-330(7), and (4) violated the Insurance Fair

22 Conduct Act (IFCA).  Dkt. 12 at 1.

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The

1    nonmoving party may not merely state that it will discredit the moving party's evidence

2    at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

3    *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

4    nonspecific statements in affidavits are not sufficient, and missing facts will not be

5    presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

6    **B.      Woodward's Motion**

7             Woodward's arguments are based on essentially three premises, which are as

8    follows: (1) it was unreasonable to deny Woodward benefits after the February 5, 2013

9    report, (2) it was unreasonable to deny Woodward benefits after stipulating to

10   Woodward's medical expenses during the arbitration, and (3) once the arbitrator entered

11   a judgment in Woodward's favor, American Family unreasonably delayed payment.

12   With regard to the first two premises, Woodward has failed to meet her burden.  The

13   February 5, 2013 medical examiners' report stated that Woodward had reached maximum

14   medical improvement as of December 2011, which resulted in medical bills in an amount

15   less than the other insurance company's tender.  Similarly, even though American Family

16   stipulated to medical bills, the total amount was less than the other insurance company's

17   tender.  American Family's position was that Woodward was made whole when she

18   received more than she incurred in medical bills and, on top of that, American Family

19   agreed to waive any right to subrogation of medical expenses.  This at least creates a

20   question of fact regarding the reasonableness of American Family's position because a

21   reasonable juror could find for American Family.  Therefore, the Court denies

22

1  Woodward's motion on breach of contract, bad faith, and a violation of WAC 284-30-

2  330(7).

3          With regard to Woodward's third premise, it is undisputed that American Family

4  technically violated the law.  American Family paid the policy limits twenty-four days

5  after the arbitrator's judgment, when it should have paid within ten days.  *See* WAC 284-

6  30-360; Dkt. 14 at 11.  A technical violation alone, however, may not support a claim for

7  unreasonable denial of coverage and resulting statutory damages.  *See Cardenas v.*

8  *Navigators Ins. Co.*, 2011 WL 6300253 *6 (W.D. Wash.).  Therefore, the Court denies

9  Woodward's motion on the issue of an unreasonable denial of coverage based on the

10  single, technical violation of Washington's insurance regulations.

11                                          **IV. ORDER**

12          Therefore, it is hereby **ORDERED** that Woodward's motion for summary

13  judgment (Dkt. 12) is **DENIED**.

14          Dated this 17th day of March, 2014.

15

16

17          BENJAMIN H. SETTLE
            United States District Judge

18

19

20

21

22