UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURA WOODWARD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. C13-6005 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Laura Woodward's ("Woodward") motion to compel (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On September 9, 2013, Woodward filed a complaint against Defendant American Family Mutual Insurance Company ("American Family") in Pierce County Superior Court for the State of Washington.  Dkt. 1, ¶ 2.  On October 23, 2013, Woodward filed an amended complaint asserting causes of action for (1) breach of fiduciary duties; (2)

ORDER - 1

violation of the Washington Consumer Protection Act, RCW chapter 19.86 ("CPA"); (3) violation of the Washington Insurance Fair Conduct Act, RCW Chapter 48.30 ("IFCA"); (4) negligence; (5) breach of contract; and (6) bad faith. *Id*. Exh. 3.

On November 21, 2013, American Family removed the matter to this Court. Dkt. 1.

On December 19, 2013, Woodward filed a motion for partial summary judgment on the issues of unreasonable denial of insurance coverage and a violation of IFCA. Dkt. 12. On March 17, 2014, the Court denied the motion because (1) there exist questions of fact whether American Family unreasonably denied coverage and (2) a technical violation of IFCA alone may not support a claim for unreasonable denial of coverage. Dkt. 23.

On March 13, 2014, Woodward filed a motion for leave to file a twenty-six-page motion to compel. Dkt. 21. That same day, the Court denied the motion and directed Woodward to identify the "most important alleged discovery abuses that will fit within the applicable page, font, and formatting limits." Dkt. 22.

On April 9, 2014, Woodward filed a motion to compel. Dkt. 26. Woodward concludes her motion with a request that the Court "Compel American Family to provide true and accurate discovery responses consistent with the spirit of discovery." Dkt. 26 at 13. On April 28, 2014, American Family responded. Dkt. 28. On May 2, 2014, Woodward replied. Dkt. 30.

## II. DISCUSSION

Based on the parties' briefs, the Court agrees with American Family that the motion is premature. Dkt. 28 at 1. The Court does not grant motions that request a broad order such as a party must comply "with the spirit of discovery." Dkt. 26 at 13; *see e.g., Garoutte v. American Family Mut. Ins. Co.*, 2013 WL 5770358 (W.D. Wash. 2013). The Court, however, will normally address discovery issues that have been sifted down to specific disputes over specific documents and/or other types of discoverable evidence. Plaintiff's motion does not contain a specific dispute. Therefore, the Court **DENIES** Plaintiff's motion to compel.

Notwithstanding the denial, the parties appear to dispute the application of the recent Washington Supreme Court decision *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686 (2013). Dkt. 26 at 8–12; Dkt. 28 at 7–8. Woodward asserts that "American Family has . . . produced no answers or produced any documents from the point the case changed designations from 'claims' to 'legal', in early April, 2012." Dkt. 30 at 2. If this assertion is true, and depending on the facts in this case, the Court is unlikely to find that such a categorical refusal is an acceptable application of *Cedell*. *See, e.g., Garoutte*, 2013 WL 5770358 at *3 ("the Court is not persuaded that every document created by an insurance company after suit has commenced is protected by the work product privilege."). Moreover, the insured "is entitled to broad discovery, including, *presumptively* the entire claims file." *Cedell*, 176 Wn.2d at 702 (emphasis added). While nothing herein is binding, the Court provides this brief discussion to help the parties resolve some preliminary disagreements.

ORDER - 3

### III. ORDER

Therefore, it is hereby **ORDERED** that Woodward's motion to compel (Dkt. 26) is **DENIED.**

Dated this 27th day of May, 2014.

                                    BENJAMIN H. SETTLE
                                    United States District Judge